UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| RANDY MARVIN SWISHER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 3:13-CV-512 JD |
| | ) |
| INDIANA COURT OF APPEALS, *et al.,* | ) |
| | ) |
| Defendants. | ) |

OPINION AND ORDER

Randy Marvin Swisher, a *pro se* prisoner, filed a complaint under 42 U.S.C. § 1983. [ECF No. 1.] Pursuant to 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. To survive dismissal, a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 603. A *pro se* complaint must be liberally construed, "however inartfully pleaded." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Here, Swisher is suing the Indiana Court of Appeals and three appellate court judges, claiming that the judges ruled improperly in his post-conviction appeal challenging a 2008 state conviction. He seeks monetary damages, as well as an order "reversing the decision of the appellate court," dismissal of the criminal charge, and immediate release from custody.

Upon review, these claims cannot proceed. The judges are entitled to absolute immunity for acts performed within their judicial capacity, including rulings made in Swisher's post-conviction

appeal. *See Dawson v. Newman*, 419 F.3d 656, 660-61 (7th Cir. 2005). If the judges' orders were erroneous as Swisher asserts, his remedy would be through state appellate process, not a federal civil rights suit. *Id.* at 661. Aside from this, an appellate court is not a suable entity under Indiana law, and thus cannot be sued for constitutional violations. *See* IND. CODE § 36-1-2-10; *Sow v. Fortville Police Dept.*, 636 F.3d 293, 300 (7th Cir. 2011) (governmental entity not listed in IND. CODE § 36-1-2-10 could not be sued for constitutional violations under 42 U.S.C. § 1983).

Furthermore, Swisher's request for release from custody can only be pursued in a habeas proceeding under 28 U.S.C. § 2254, subject to the requirements of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). 28 U.S.C. § 2254; *Preiser v. Rodriguez*, 411 U.S. 475, 488 (1973) (habeas corpus is the exclusive federal remedy for a state prisoner who challenges the fact or duration of his confinement). Indeed, court records show that Swisher already pursued federal habeas relief challenging his 2008 conviction, and his petition was denied on the merits. *See Swisher v. Superintendent*, No. 3:10-CV-229-RL (N.D. Ind. order dated Sept. 2, 2011.) He appealed, but the Seventh Circuit denied his request for a certificate of appealability. *Swisher v. Levenhagen*, No. 11-3235 (7th Cir. order dated Apr. 30, 2012). He later filed an unauthorized successive petition attempting to assert additional claims challenging his conviction, and was told that he could not do so unless he obtained authorization from the Seventh Circuit. *Swisher v. Superintendent*, No. 3:12-CV-128-TS (N.D. Ind. order dated May 1, 2012). In April 2013, Swisher was sanctioned for continuing to file documents in his closed habeas case arguing that the case had been wrongly decided and requesting release from prison. *See Swisher*, No. 3:10-CV-229, ECF No. 41.

It appears that in filing this action under 42 U.S.C. § 1983, Swisher is attempting to make an end-run around the requirements of AEDPA, as well as the filing restriction imposed in his earlier habeas case. This he cannot do. As the Seventh Circuit has explained:

> Prisoners cannot avoid the AEDPA's rules by inventive captioning. . . . Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls.

*Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004); *see also Williams v. Wisconsin*, 336 F.3d 576, 579 (7th Cir. 2003) (observing that "collateral attacks disguised as civil rights actions should be dismissed"). Accordingly, this action must be dismissed. To the extent Swisher has any remedy available to challenge the legality of his custody, it is under 28 U.S.C. § 2254. He is cautioned that if he persists in filing documents that attempt to bypass the requirements of 28 U.S.C. § 2254, he risks the imposition of sanctions, including monetary sanctions and/or additional filing restrictions. *See Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995).

For the reasons set forth above, the complaint [ECF No. 1] is DISMISSED pursuant to 28 U.S.C. § 1915A.

SO ORDERED.

ENTERED: June 6, 2013

/s/ JON E. DEGUILIO
Judge
United States District Court